## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____ :
                                  :
STANLEY ROBINSON,                 :
                                  :        Civil Action No.
                 Petitioner,      :        11-2101 (RBK)
                                  :
          v.                      :
                                  :        **MEMORANDUM OPINION**
J.T. SHARTLE,                     :        **AND ORDER**
                                  :
                 Respondent.      :
_____ :


     This matter comes before the Court upon Petitioner's filing of
an application seeking habeas relief, pursuant to 28 U.S.C. § 2241
("Petition"), and it appearing that:

1.   Petitioner filed the instant Petition asserting that his loss
     of good-conduct credits and other sanctions were improperly
     imposed upon him when: (a) Petitioner was apprehended by his
     prison officials being in possession of an illegal cell phone;
     and (b) Petitioner's violation was qualified as a "greatest
     severity" offense (and corresponding sanctions were imposed
     under the BOP Code 108).  See Docket Entry No. 1.  Petitioner
     asserted that he had no notice as to the fact that possession
     of illegal cell phone was a disciplinary infraction of
     "greatest severity," and – therefore – he should have been
     charged and sanctioned for committing only a "moderate"
     violation (under the BOP Code 305) rather than for a violation

of "greatest severity." <u>See</u> <u>id.</u> Petitioner, hence, seeks revocation of imposed sanctions and expungement of his prison record, asserting that a certain inmate known to Petitioner, who was initially sanctioned for possession of an illegal cell phone, was recently granted these very remedies administratively.

2.  Petitioner's challenges are identical to those dismissed, as meritless, in numerous actions. Recently, the same challenges were dismissed in <u>Pittman v. Zickefoose</u>, Civil Action No. 10-5057 (RMB) (D.N.J.) (filed on Sep. 27, 2010, closed on Oct. 20, 2010).[1] Specifically, the court in <u>Pittman</u> addressed an inmate's challenges that he was unduly charged with (and sanctioned for) the "greatest severity" Code 108 violation (instead of the "moderate severity" Code 305 violation) in connection with the prison officials of F.C.C. Petersburg ("FCCP"), Virginia, apprehension of the inmate while he was in possession of an illegal cell phone. <u>See</u> <u>id.</u> Docket Entry No.

---

[1] Analogously, the same arguments were numerously raised by federal inmates and invariably dismissed by the judges in this District. <u>See</u>, <u>e.g.</u>, <u>Ortiz v. Zickefoose</u>, 2011 U.S. Dist. LEXIS 47376 (D.N.J. May 3, 2011); <u>Robinson v. Kirby</u>, 2011 U.S. Dist. LEXIS 30850 (D.N.J. Mar. 23, 2011); <u>Ramirez v. Zickefoose</u>, 2011 U.S. Dist. LEXIS 29779 (D.N.J. Mar. 21, 2011); <u>Hudson v. Zickefoose</u>, 2010 U.S. Dist. LEXIS 120936 (D.N.J. Nov. 15, 2010). The same applies to other district courts in this Circuit. <u>See</u>, <u>e.g.</u>, <u>Johnson v. Scism</u>, 2011 U.S. Dist. LEXIS 34301 (M.D. Pa. Mar. 30, 2011). Moreover, a multitude of substantively identical § 2241 matters is currently pending before this Court, leaving the Court to wonder if there is any federal inmate left in this Circuit who is/was not in possession of an illegal cell phone.

6.   The <u>Pittman</u> court observed:

a.   Petitioner's challenges are two-fold.  First, he seek expungement of his prison records from the fact that he committed the very infraction underlying his sanction.  Second – and, seemingly, in support of his expungement claim – Petitioner asserts that the imposition of this loss-of-good-conduct-credit sanction violated his rights because, at the time of Petitioner's committing his infraction, the overall impression held by the FCCP general population (and by Petitioner, in particular) was that – if an inmate's illegal possession of a cell phone were detected – the violator would get sanctions other than loss of good-conduct credit.  Thus, Petitioner concedes that the FCCP officials put the inmates on notice that cell phone possession was a sanctionable infraction, but he alleges that the FCCP officials were obligated but failed to expressly correlate that particular misconduct to Code 108 sanctions, which allowed the inmates (and Petitioner, in particular) to believe that such infraction would be sanctioned under Code 305, a more lenient provision than Code 108.[2]  Petitioner states that a certain BOP official eventually clarified . . . that the BOP had begun construing the possession-of-cell-phone misconduct as Code 108 infraction in order "to incorporate technological advances that were not

_____

[2]  An inmate's possession of a cell phone has been construed by the BOP as a Code 108 violation long before Petitioner's infraction.  <u>See</u>, <u>e.g.</u>, <u>Donahue v. Grondolsky</u>, 2010 U.S. App. LEXIS 19097, at *1-2 (3d Cir. Sept. 13, 2010) (affirming sanction imposed in 2007, <u>i.e.</u>, two years prior to Petitioner's infraction, upon an inmate found in possession of a cell phone SIM card, where that inmate's Code 199 loss-of-good-conduct-credit sanction was expressly analogized by the BOP to the then-existing sanction imposed for Code 108 possession of a cell phone).  In the same vein, Petitioner's incident report and the administrative hearing charge notice both stated, in no ambiguous terms, that Petitioner committed a Code 108 violation and was charged accordingly, <u>i.e.</u>, with a Code 108 violation committed by his act of possessing of a hazardous tool: the cell phone.  <u>See</u> Instant Matter, Docket Entry No. 1-1, at 39 and 40.

present when the [original] rule was drafted."[3]  <u>Id.</u>
at 8.

b.   Petitioner's challenges are substantively without
     merit . . . .
     i.        With regard to Petitioner's request for
               expungement, it shall be noted that the
               Court of Appeals stressed its doubts as to
               whether an expungement claim could,
               altogether, be raised in a habeas action.
               <u>See</u> <u>Williams v. Fed. Bureau of Prisons</u>, 85
               Fed. App'x 299 (3rd Cir. 2004).  In
               <u>Williams</u>, the inmate filed a § 2241 habeas
               petition claiming that the BOP improperly
               refused to delete information contained in
               his prison file.  <u>See</u> <u>id.</u> at 303.  In
               response, the Court of Appeals observed:

                    We have never had to decide whether
                    to endorse the right of expungement
                    announced in <u>Paine v. Baker</u>, 595 F.2d
                    197 (4th Cir. 1979), and other
                    Circuit Courts of Appeals have
                    expressly questioned its precedential
                    value. [<u>See</u>] <u>Johnson v. Rodriguez</u>,
                    110 F.3d 299, 308-09 n. 13 (5th Cir.
                    1997). Nevertheless, [the inmate in
                    <u>Williams</u>] argues that his . . .
                    prison file expungement claim are
                    meritorious under <u>Paine v. Baker</u>.
                    There, the Court of Appeals for the
                    Fourth Circuit announced that, in
                    limited circumstances, state
                    prisoners have a federal due process
                    right to have "prejudicial erroneous

_____

        [3]  Petitioner attributes this quote to the person designated
by him as the "Director of the Bureau of Prisons."  <u>See</u> Instant
Matter, Docket Entry No. 1, at 8.  However, the exhibits attached
to the Petition indicate that Petitioner's administrative appeals
at Regional and Central Appeal levels were dismissed as untimely
rather than on merits, <u>see</u> Instant Matter, Docket Entry No. 1-1,
at 31 and 35; and – in any event – this Court is not entirely
clear as to why a "director" of the BOP rather than a Central
Office counsel would respond to Petitioner's inquiry.  Thus, the
Court cannot rule out the possibility that Petitioner referred to
the FCCP warden as "Director of the Bureau of Prisons."

information expunged from their
prison files." [Paine,] 595 F.2d at
202.  The court held:

> In certain limited
> circumstances a claim of
> constitutional magnitude is
> raised where a prisoner alleges
> (1) that information is in his
> file, (2) *that the information
> is false*, and (3) that it is
> relied upon to a
> constitutionally significant
> degree.

Id. at 201. [The inmate now] argues
that he can assert Paine v. Baker
expungement claims in a § 2241 habeas
petition.  Even if we assume arguendo
that [the inmate] can assert a Paine
v. Baker expungement claim in a §
2241 habeas petition, it is
nevertheless clear that he is not
entitled to relief [of expungement
of] his prison file [where the
information on file is factually
correct].

Williams, 85 Fed. App'x at 303 (emphasis
supplied).[4]  In light of the "arguendo"
language used by the Court of Appeals in
Williams and the clarifications provided,
later on, by the Supreme Court in
Wilkinson, Petitioner's expungement claim
appears not cognizable in a habeas action.
Moreover, even if presumed cognizable,
this claim is facially without merit and
should be summarily dismissed simply
because Petitioner here concedes that he,
in fact, committed the infraction
reflected in his prison file and, hence,
that information [that he possessed an
illegal cell phone] cannot be false.

---

[4] Williams was decided before the Supreme Court's ruling in
Wilkinson v. Dotson, 544 U.S. 74 (2005), the rationale of which
seems to outright bar all § 2241 challenges seeking expungement.

ii. Furthermore, the BOP's decision to sanction Petitioner for his misconduct facially met due process requirements. When a disciplinary penalty affecting the length of a sentence is imposed, the Due Process Clause requires that "some evidence" be produced to support the decision to sanction. <u>See</u> <u>Superintendent v. Hill</u>, 472 U.S. 445, 457 (1985); <u>see</u> <u>also</u> <u>Young v. Kann</u>, 926 F.2d 1396, 1402-03 (3d Cir. 1991) (applying <u>Hill</u> standard to a federal prisoner's due process challenges). Since the "some evidence" standard requires only that the decision not be arbitrary or not without any support in the record, <u>see</u>, <u>e.g.</u>, <u>Gaither v. Anderson</u>, 236 F.3d 817, 819 (7th Cir. 2000) (citing <u>Hill</u>, 472 U.S. at 457); <u>Brown v. Fauver</u>, 819 F.2d 395 (3d Cir. 1987), and Petitioner here concedes that he, in fact, committed the very infraction for which he was sanctioned, the BOP's decision to impose a disciplinary penalty could not run afoul of the requirements posed by the Due Process Clause.

iii. In the event Petitioner sought to assert that he had due process rights to keep his good-conduct credit and be sanctioned by other means, Petitioner's position is, too, without merit. Petitioner has no "pre-vested" liberty interest in any certain amount of good-conduct credit, <u>see</u> <u>Barber v. Thomas</u>, 130 S. Ct. 2499 (2010); rather, he has to actually earn them. <u>See</u> 18 U.S.C. § 3624 (plainly stating that an inmate good time credit must be earned); <u>see</u> <u>also</u> <u>Sample v. Morrison</u>, 406 F.3d 310 (5th Cir. 2005) (the statute grants the BOP the power to determine whether or not the inmate has complied with institutional disciplinary rules); <u>accord</u> <u>Lynce v. Mathis</u>, 519 U.S. 433, 445 (1997) (the inquiry is limited to an inmate's eligibility for reduced imprisonment and does not envision any fixed guarantee of release).[5]

---

[5] Since inmates possess a liberty interest in having their good-conduct credit vested if such credit is earned, <u>see</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 555-57 (1974); <u>Levi v. Holt</u>, 192 Fed. App'x 158 (3d Cir. 2006), due process requires, if a disciplinary

iv. Petitioner's position is equally without merit
as to his assertion that he knew he was
committing a disciplinary violation but –
without knowing the particular sanction he
would be facing if his infraction were detected
– he was prevented from determining whether
his decision to commit the infraction would be
"worthy," to him, of the sanctions that he
might suffer.  While Petitioner has due process
rights to notice as to general categories of
the acts prohibited, he has no due process
right to notice as to any specific
administrative sanction he might face if his
violation gets detected.[6]  See, e.g., Adams v.
Gunnell, 729 F.2d 362, 368-70 (5th Cir. 1984)
(a prisoner's right to notice means that the
rules must give a person of ordinary
intelligence notice of the actions prohibited);
accord Cook v. Warden, 241 Fed. App'x 828, 2007
U.S. App. LEXIS 14772 (3d Cir.) (per curiam)
(dismissing the inmate's § 2241 challenges to
vagueness of a BOP's Code and finding that the

hearing resulted in loss of good-conduct credit: (a) 24 hours
advance written notice of the disciplinary charges; (b) an
opportunity to testify, call witnesses and present documentary
evidence; and (c) a written statement by the fact-finder as to
the evidence relied upon and reasons for the disciplinary action.
See Wolff, 418 U.S. at 564-566.  However, since the minutiae of
Petitioner's administrative hearing at the FCCP were not even
mentioned – moreover challenged – in the Petition, the Court need
not construe the Petition as raising any Wolff-related aspects.

[6] Petitioner's references to the Administrative Procedure
Act cannot be amount to a viable challenge because "BOP's
internal agency guideline[s]" are not subject to the notice and
comment requirements of the APA.  See Reno v. Koray, 515 U.S. 50,
61 (1995); see also Royal v. Tombone, 141 F. 3d 596, 600 (5th
Cir. 1998) (rejecting prisoner's argument that BOP's change in
policy was invalid because it was not promulgated in accordance
with the APA, as agency guidelines are "promulgated internally
and may be altered at will by the BOP"); Koray v. Sizer, 21 F. 3d
558, 562 (3d Cir. 1994) (internal agency guidelines may be
altered by the BOP at will and are not subject to the notice and
comment requirements of the APA), rev'd on other grounds sub nom
Reno v. Koray, 515 U.S. 50 (1995)

notice was sufficient where the inmate was
provided with a prison handbook informing him
of the categories of acts proscribed, even
though different prison handbooks detailed the
proscribed activities with different degree of
particularity), <u>cert.</u> <u>denied</u> 552 U.S. 1051
(2007); <u>Cotten v. Ward</u>, 190 Fed. App'x 701, 702
(10th Cir. 2006) (affirming dismissal of § 2241
challenges where the prison rule was
"sufficiently clear and unambiguous to provide
fair notice to inmates of what conduct [was]
prohibited"); <u>see</u> <u>also</u> <u>Eason v. Owen</u>, 2010 U.S.
Dist. LEXIS 82153, at *6 (D.S.C. Apr. 29, 2010)
(dismissing an inmate's § 2241 challenges
asserting that possession of a cell phone
should be deemed a "lesser included offense" of
Code 108 and, thus, subjected to a lesser
sanction under another BOP Code). This is so
because, unlike with regard to criminal
statutes, no high degree of precision is
required of disciplinary regulations,
especially as to the sanctions entailed. <u>See</u>
<u>Meyers v. Alldredge</u>, 492 F.2d 296, 310 (3d Cir.
1974) ("[d]ue process undoubtedly requires
certain minimal standards of specificity in
prison regulations [but] the degree of
specificity required of such regulations is
[not] as that required of . . . criminal
sanctions"); <u>Hadden v. Howard</u>, 713 F.2d 1003,
1008 (3d Cir. 1974) (administrative notice is
generally deemed given "unless fair notice was
clearly lacking"); <u>compare</u> <u>United States v.
Batchelder</u>, 442 U.S. 114, 123 (1979) (noting,
in <u>dictum</u>, that "vague sentencing provisions
may pose constitutional questions if they do
not state with sufficient clarity the
consequences" of the violation, but for the
purposes of a criminal statute, not a
disciplinary regulation). Here, Petitioner
outright concedes that, at all pertinent times,
he was on notice that possession of a cell
phone was a proscribed offense and, moreover,
a sanctionable misconduct. In addition,
Petitioner concedes that, at all pertinent
times, he was aware of the exact language of
Code 108, which prohibits "[p]ossession . . .
of a hazardous tool [<u>i.e.</u>, the] tools most
likely to be used in an escape or escape

attempt." <u>See</u> <<http://www.bop.gov/locations/
institutions/pem/PEX_aohandbook.pdf>> at 51
(FCCP "Inmate Information Handbook");[7] <u>accord</u>
Instant Matter, Docket Entry No. 1, at 8-9
(indicating that Petitioner was given a copy of
the Handbook).  Consequently, Petitioner was
put on notice, by the very language of Code
108, that Code 108 sanctions could be applied
to him for the misconduct of possession of a
hazardous tool in the form of a cell phone.
<u>See</u> <u>Robinson v. Warden</u>, 250 Fed. App'x 462 (3d
Cir. 2007) (<u>per</u> <u>curiam</u>) (rejecting the inmate's
argument that Code 108 was too vague for the
purposes of providing notice of the Code's
applicability to cell phone infractions).
Petitioner's allegations to that effect will,
therefore, be dismissed.

v.   Finally, in the event Petitioner invites the
Court to find abuse of discretion in the BOP's
construction of Code 108 as covering the
misconduct of cell phone possession, the Court
declines the invitation: federal courts have
long established that the BOP's construction
was reasonable.  <u>See</u>, <u>e.g.</u>, <u>Ausberry v.
Grondolsky</u>, 2008 U.S. Dist. LEXIS 110521
(D.N.J. Sept. 9, 2008) (where the BOP
sanctioned an inmate with Code 108 loss of
good-conduct credit upon analogizing the
inmate's illegal MP3 player to a cell phone,

---

[7] In addition to the definition provided in Code 108
included in the FCCP Inmate Information Handbook, the Handbook
also explains that:

Contraband is . . . any item or thing not authorized or
issued by the institution, received through approved
channels, or purchased through the Commissary.  All
staff are alert to the subject of contraband and make
an effort to locate, confiscate, and report contraband
in the institution.  Any item in an inmate's personal
possession must be authorized and a record of the
receipt of the item should be kept in the inmate's
possession. . . .

<<http://www.bop.gov/locations/institutions/pem/PEX_aohandbook.
pdf>> at 12.

the court rejected the inmate's lack-of- notice
challenges finding that the language of Code
108 provided sufficient notice as to the entire
category of such electronic devices) (relying
Robinson for the observation that the BOP's
definition of a cell phone as hazardous tool
within the meaning of Code 108 was neither
plainly erroneous nor inconsistent with BOP
regulations, and citing Chong v. Dist. Dir.,
264 F. 3d 378, 389 (3d Cir. 2001), for the
umbrella proposition that the BOP's
interpretation of its own regulation is
"controlling . . . unless it is plainly
erroneous or inconsistent with the
regulation"); see also Eason, 2010 U.S. Dist.
LEXIS 82153, at *5-6 ("[e]ven though Code 108
does not specifically include cell phones in
the examples of hazardous tools, the BOP . . .
consistently viewed them as such because they
'permit an inmate to circumvent the telephone
monitoring system, and may be used as a tool
which coordinates or facilitates escape and the
introduction of illicit materials or drugs'")
(relying on Robinson and the statement made by
the BOP National Inmate Appeals Administrator
Harrell Watts, and citing, inter alia, Irvin v.
Fed. Bureau of Prisons, 2009 U.S. Dist. LEXIS
54103 (D.S.C. 2009); Marin v. Bauknecht, 2007
U.S. Dist. LEXIS 83514 (D.S.C. 2007);
Rivera-Lind v. Pettiford, 2006 U.S. Dist. LEXIS
76677 (D.S.C. 2006), and Carey v. Williams,
2006 U.S. Dist. LEXIS 77092 (S.D. W. Va.
2006)); accord Hudson v. Edmonson, 848 F.2d 682
(6th Cir. 1988) (relying on Hill for the
umbrella holding that selection of a particular
disciplinary sanctions based on some evidence
should not be second-guessed by the courts).
Consequently, Petitioner's assertions that the
BOP improperly construed its Code 108 as
applicable to cell phones (that is, if such
assertions were intended) are, too, without
merit and will be dismissed.

Pittman v. Zickefoose, Civil Action No. 10-5057, Docket Entry

No. 6 (citations to docket entries made in Pittman omitted,

original footnotes preserved and reproduced in this Memorandum

Opinion as footnotes in the above-replicated block
quotation).[8]

3.   Moreover, in the event the BOP elected to expunge the prison
     record of – and revoke sanctions against – a certain inmate
     originally sanctioned for possession of illegal cell phone,
     such decision by the BOP does not lend support to Petitioner's
     challenges.[9]   Such actions by the BOP would render that

_____

[8] The considerations of and determinations made by the
Pittman court are shared by the entire federal judiciary. See
this Memorandum Opinion and Order, note 1, see also Hicks v.
Yost, 377 Fed. App'x 223, 224-25 (3d Cir. 2010) ("Contrary to
what [the inmate] appears to argue, the absence of the term 'cell
phone' in the text of Code 108 did not prevent the BOP from
interpreting that provision to include this item.  Moreover, [the
inmate] has not shown that the BOP's interpretation of Code 108
is plainly erroneous or inconsistent with that provision")
(citing Chong, 264 F.3d at 389); McGill v. Martinez, 348 Fed.
App'x 718 (3d Cir. 2009) (same); Franco v. Adler, 2011 U.S. Dist.
LEXIS 20501 (E.D. Cal. Mar. 1, 2011) (same); Thorn v. Shartle,
2011 U.S. Dist. LEXIS 1334 (N.D. Ohio Jan. 6, 2011) (same);
Thomas v. Phillips, 2010 U.S. Dist. LEXIS 96681 (S.D.W. Va. Aug.
25, 2010) (same, dismissing, inter alia, expungement claim).  If
a practical conclusion could be distilled from this body of law,
this conclusion appears to be that possession of illegal cell
phones by inmates became a prevalent hazardous practice.  That
conclusion, in turn, lends additional support to the BOP's
interpretation of Codes 108 and 199 as applicable to illegal cell
phone possession.

[9] Hypothetically, such challenge could give rise to a civil
rights claim in the event the BOP expunges the records of – and
revokes sanctions against – a certain group of individuals, e.g.,
Caucasian inmates, while refusing to make the same allowances to
a protected suspect class of inmates, e.g., only African-American
or only Hispanic-American inmates.  However, the facts asserted
in the Petition do not indicate any basis for such equal
protection challenges.  See, e.g., Ortiz v. Zickefoose, 2011 U.S.
Dist. LEXIS 47376 (explaining invalidity of equal protection
claim based on the assertion that the BOP randomly selected
inmates for administrative charges based on possession of cell

inmate's habeas challenges moot, rather than legally valid.
See, e.g., Hudson v. Zickefoose, 2010 U.S. Dist. LEXIS 120936
(D.N.J. Nov. 15, 2010) (where the BOP expunged the inmate's
record and revoked sanctions based on his illegal possession
of a cell phone, the BOP's actions rendered the inmate's
claims moot, but it did not render his claims meritorious).
For the foregoing reasons, the Petition will be denied.

IT IS, therefore, on this __6th__ day of ____June____, 2011

ORDERED that the Petition, Docket Entry No. 1, is denied; and
it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and
Order upon Petitioner by regular U.S. mail; and it is finally

ORDERED that the Clerk shall close the file on this matter.


s/Robert B. Kugler
**ROBERT B. KUGLER,**
**United States District Judge**

---

phones or randomly selected the Code provisions for these
administrative charges; since these allegations have not suspect-
class factual allegations, such allegations put the burden on the
inmate to show personal discrimination against the particular
inmate, but such personal discrimination cannot be established by
a mere assertion that the inmate was disciplined or disciplined
one way, while another inmate was not disciplined or was
disciplined another way.)  Therefore, the Court need not reach
the equal protection issue.